IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

Lameasa Gooden,

    Plaintiff,

v.

Amsher Collection Services, Inc. ,

    Defendant

Civil Action File No.:

**COMPLAINT WITH
<u>JURY TRIAL DEMAND</u>**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Lameasa Gooden, is a natural person who resides in Hall County, Georgia.

2. Defendant, Amsher Collection Services, Inc., is a corporation authorized to do business in Georgia and can be served through its registered

1

agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Gainesville Division because the conduct complained of herein occurred in Hall County, which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card account used for purposes of ordinary goods and services, and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. On January 15th, 2021 the Plaintiff obtained copies of her credit report as published by TransUnion and Experian on January 15th, 2021.

13. In reviewing those reports, she noted a tradeline as reported by the Defendant. The tradeline indicated that the Plaintiff had an account originating with Synovus Bank that was in default and in collection with the Defendant. The amount allegedly owed was $250.00.

14. The Plaintiff knew that she did not owe this particular debt and that the account belonged to her husband.

15. On February 2nd, 2021 the Plaintiff initiated a call to the Defendant in order to discuss the account.  After verifying the Plaintiff's identity, the Plaintiff was transferred to an individual identifying themselves as "Benson."

16. The Plaintiff asked why this account was appearing on her credit report as opposed to her husband's and explained that this was his account.  Defendant responded by simply stating that that was the information that Synovus had supplied.  The Plaintiff answered that her husband added her to his account, but that she had no liability.

17. Shortly thereafter, on February 11th, 2021 the Plaintiff caused to be mailed to the Defendant a letter in which she again clearly disputed the debt and provided Defendant with her rationale.  To summarize, she wrote that the account was not hers, nor her responsibility.  A copy of this letter is filed herewith as Exhibit 1.

18. The Plaintiff's dispute letter was delivered to the Defendant, per the United States Postal Service, on February 17th, 2021 at 11:27 a.m.

19. Remaining concerned about the credit reporting of the Defendant, the Plaintiff obtained a second copy of her TransUnion report as published on April 12th, 2021.

20. In reviewing that report, she discovered that despite her multiple disputes regarding the account, the Defendant did not alter its reporting to the credit bureau; specifically, it did not note the fact that the account was indeed in dispute. A reproduction of the tradeline as reported by the Defendant on April 6th, 2021 appears below.

**AMSHERCOLLECTIONSERVICES #1797****

4524 SOUTHLAKE PARKWAY
SUITE 15
HOOVER, AL 35244
(205) 322-4110

| | | | | | | |
|---|---|---|---|---|---|---|
| **Placed for collection:** | 06/20/2016 | **Balance:** | $250 | | **Pay Status:** | >In Collection< |
| **Responsibility:** | Participant on Account | **Date Updated:** | 04/06/2021 | | | |
| | | **Original Amount:** | $250 | | | |
| **Account Type:** | Open Account | **Original Creditor:** | SYNOVUS BANK | | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Past Due:** | >$250< | | | |

**Remarks:** >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 04/2023

22. Credit reporting is governed by the 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act (FCRA).

23. A data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness per the FCRA, 15 U.S.C. § 1681s-2(a)(2)(B).

24. Upon information and belief, Defendant's agreements with TransUnion and Experian require Defendant to report account information on a regular basis or schedule.

25. Moreover, per 15 U.S.C. § 1681s-2(a)(1)(A) a furnisher of credit information ". . . shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate

### INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant to the various credit reporting bureaus misstate the Plaintiff's debt-to-income ratio and otherwise defame the Plaintiff.

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that the Defendant engaging in false credit

reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.S.C. § 1692e and its subparts*

32. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. The Defendant's failure to note the Plaintiff's dispute of the tradeline and the account as being in collection rendered its communication to the credit bureau and its subscribers objectively false and materially misleading. The Defendant's communication to TransUnion was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-390, et seq.**

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

39. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

40. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

41. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

42. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

43. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

44. Defendant's conduct has implications for the consuming public in general.

45. Defendant's conduct negatively impacts the consumer marketplace.

46. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

50. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of April, 2021.

                    **BERRY & ASSICIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*